833 F.2d 309
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cathy L. CALLAHAN, Plaintiff-Appellant,
v.
CITY OF NORFOLK, Defendant-Appellee.
 No. 87-3701.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 28, 1987.
Decided Nov. 6, 1987.
 
 Cathy L. Callahan, appellant pro se.
 Andre Allen Foreman, Assistant City Attorney, Harold Phillip Juren, Deputy City Attorney.
 Before WIDENER, JAMES DICKSON PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Cathy L. Callahan appeals the district court's orders of November 21, 1986 and December 19, 1986. The earlier order denied Callahan's motion for appointment of counsel. The later order denied her motion for reconsideration of the November 21 order, denied her request that she, rather than a neutral court reporter, be allowed to record the taking of depositions, denied her motion for continuance, and rejected her complaint that the court had not ruled on her motion to compel discovery. Appellee has moved to dismiss Callahan's appeal for want of jurisdiction.
 
 
 2
 Under 28 U.S.C. Sec. 1291, this Court has jurisdiction to review final decisions of the district court. A final judgment disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). The lower court's November 21 and December 19 orders have not ended the litigation of this employment discrimination action on the merits. Thus, neither is a "final" order as that term is used in Sec. 1291.
 
 
 3
 The district court did not direct the entry of final judgment as to any party, see Fed.R.Civ.P. 54(b), or certify the orders for interlocutory appeal under 28 U.S.C. Sec. 1292(b). The orders are not appealable under the exceptions of 28 U.S.C. Sec. 1292(a). Nor should the orders be treated as final under Cohen v. Beneficial Industrial Corp., 337 U.S. 541 (1949). See Miller v. Simmons, --- F.2d --- (4th Cir., Mar. 26, 1987) (No. 85-6664) (orders denying appointment of counsel not reviewable by interlocutory appeal).
 
 
 4
 As the record and other materials before this Court indicate that it would not significantly aid the decisional process, we dispense with oral argument. Leave to proceed in forma pauperis is denied, the motion to dismiss the appeal for lack of jurisdiction is granted, and the appeal is dismissed.
 
 
 5
 DISMISSED.